IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TACCARA CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br><br>WEN-ROBB, LLC,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Taccara Cunningham ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Wen-Robb, LLC ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Larry Robbins, 425 Conservatory Pointe, Fayetteville, GA, 30215.

## **ADMINISTRATIVE PROCEDURES**

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charges, entitling an action to be commenced within ninety (90) days of receipt of the notices.

9.

This action has been timely commenced.

## FACTUAL ALLEGATIONS

10.

Plaintiff was hired by Defendant as its Wendy's restaurant located at Thorton Road, Lithia Springs, Georiga.

11.

Plaintiff was under the age of 18 at the time she was hired.

12.

On or about October 27, 2022, another employee Defendant, Q. (last name unkown), began making sexual comments about the shape of Plaintiff buttocks and her body. Q also showed Plaintiff pictures of women and comments on the size of their breasts and bottoms, and compared them to Plaintiff. Q also told Plaintiff she should be a stripper, and that if she was, he would come and throw money at her.

13.

On or about November 1, 2022, Rema Edwards, a manager, told Plaintiff that she knew Q was making sexual comments to Plaintiff. On November 28, Plaintiff told another manager, Toya, about the sexual harassment. The harassment was common knowledge in the workplace and was witnessed by many employees.

14.

On or about November 28, 2022, Plaintiff came home early and told her mother that she could not take Q's harassment anymore. Plaintiff's mother, Kathy Cunningham, went to the business location and asked Rema to have Q come outside so they could resolve what was happening to Plaintiff, but Rema refused. Plaintiff's mother then went to the drive through and asked for the corporate office number, or the franchise owner's number and was told she could not be given the information. Plaintiff's mother also asked for Q's name and was not given that either.

15.

The next day, November 29, 2022, Plaintiff and her mother called Defendant's corporate line and asked for the franchise owner for the location, and they were told the Human Resources person for the location would call Plaintiff. They then made a complaint about the sexual harassment on the phone with the corporate representative. Plaintiff and her mother were not provided with a name, or numbers for Human Resources of the location and franchise.

16.

On or about November 30, 2022, Plaintiff was called to work and she met with Toya, another manager, who asked Plaintiff to think about whether she wanted to resign because she would still be put on Q's shift and because she would not be

working with any of her friends. Toya told Plaintiff that if she could not deal with being put on Q's shifts that she should find another place to work. Toya told Plaintiff to take a few days to think about it. Plaintiff told Toya she would be back for work on Sunday, December 4, 2022.

17.

A few days later, that Friday, December 2, 2022, Toya texted Plaintiff and said Plaintiff had no called, no showed and terminated Plaintiff. Plaintiff had not failed to show up for work, and Toya and Plaintiff had agreed she would not come into work, until Sunday, December 4, 2022.

18.

Any reason provided by Defendant for terminating Plaintiff's employment is pretext for unlawful retaliation in response to Plaintiff's protected activity.

19.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

20.

Plaintiff re-alleges paragraphs 10-19 as if set forth fully herein.

21.

Plaintiff's engaged in protected activity under Title VII.

22.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

23.

There was a causal connection between the protected conduct and the adverse action.

24.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

25.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

26.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Special damages for lost wages;

(c)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted, this 16th day of February, 2023.

**BARRETT & FARAHANY**

 s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com